IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIF ENGINEERING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-665 |
| | § | |
| PACIFIC EMPLOYERS INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Fif Engineering, LLC alleges that it suffered property and business interruption losses when a former employee stole equipment and material from its office. Pacific Employers Insurance Company denied Fif's claim, allegedly without conducting an adequate investigation. Pacific has moved to dismiss under Rule 12(b)(6). The motion is granted, but without prejudice and with leave to amend. The reasons for these rulings are explained below.

**I.   Background**

Fif Engineering, LLC purchased a property insurance policy for its office space from Pacific Employers Insurance Company. (Docket Entry No. 12 at ¶ 7). In June 2021, one of Fif's former employees allegedly stole "vital company equipment" from the office, "result[ing] in a catastrophic loss of electronic data and intellectual property." (*Id.* at ¶¶ 8, 10). Fif alleges that the theft "led to a severe interruption of the company's computer operations," causing $1,440,700 in damages. (*Id.* at ¶ 13).

Fif alleges that it submitted a claim to Pacific, but that Pacific "neglected to conduct a comprehensive assessment of the claim." (*Id.* at ¶ 14). Specifically, Fif alleges that Pacific:

- "failed to conduct a thorough and adequate investigation of the claim," (*id.* at ¶ 15);

- "neglected to properly assess the magnitude of the losses and the severe impact on Plaintiff's business operations, (*id.*);

- "failed to provide clear and justified reasons for its inadequate payments and claim decisions," (*id.* at ¶ 16);

- "misrepresent[ed] [] policy provisions and facts related to the claim," (*id.*);

- "refus[ed] to pay the full amount of the covered losses," (*id.* at ¶ 15); and

- "employed delay tactics and made unreasonable demands for additional documentation in an attempt to prolong the claims process and frustrate Plaintiff's efforts to recover the amounts rightfully owed under the Policy." (*Id.* at ¶ 18).

In January 2024, Fif sued Pacific in Texas state court. (Docket Entry No. 1-3). Pacific removed to this court on the basis of diversity jurisdiction. (Docket Entry No. 1). The court orally granted Pacific's motion to dismiss for failure to state a claim under Rule 12(b)(6) and ordered Fif to file an amended complaint. (Docket Entry No. 11).

In May 2024, Fif filed an amended complaint, asserting five causes of action: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violation of the Texas Prompt Payment of Claims Act, Tex. Ins. Code § 542.051 *et seq.*; (4) violation of the Texas Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code § 17.01 *et seq.*; and (5) violation of Chapter 541 of the Texas Insurance Code, § 541.001 *et seq.* (Docket Entry No. 12).

In June 2024, Pacific moved to dismiss Fif's amended complaint under Rule 12(b)(6). (Docket Entry No. 17). Fif has responded, (Docket Entry No. 18), and Pacific has replied, (Docket Entry No. 19).

Based on the pleadings, the briefs, and the applicable law, Pacific's motion to dismiss is granted.  The reasons are set out below.

## II.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

3

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted).

## III. Analysis

### A. Breach of Contract

To state a claim for breach of contract under Texas law, Fif must plausibly allege that (1) the parties had a valid contract; (2) Fif performed under the contract; (3) Pacific breached the contract; and (4) Fif was damaged as a result of the breach. *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, pet. denied).

Pacific argues that Fif has not stated a claim for breach of contract because it has not identified a specific provision of the insurance policy that was allegedly breached. (Docket Entry No. 17 at 4–5). Fif responds that it is not required to identify a specific provision that was breached but cites no authority supporting that proposition. (Docket Entry No. 18 at ¶ 6).

The court is persuaded that Rule 8(a) requires more detail than Fif has alleged. Several district courts in this Circuit have held that a properly pleaded breach of contract claim requires allegations of the specific provisions that were breached.[1] Fif has not identified a specific policy provision that was allegedly breached. Fif has not even clearly alleged that the policy covered the type of loss Fif suffered. Instead, Fif merely alleges that the policy covered losses "akin to those endured by the plaintiff." (Docket Entry No. 12 at ¶ 17). That is not enough to state a claim for breach of contract. The claim is dismissed. But because Fif did not have the benefit of written reasons when the court dismissed the original complaint, the dismissal is without prejudice and with leave to amend, no later than August 19, 2024.

### B.  Breach of the Duty of Good Faith and Fair Dealing

Fif alleges that Pacific breached the duty of good faith and fair dealing by "fail[ing] to conduct an adequate and reasonable investigation into Plaintiff's claims, . . . despite being aware or reasonably aware of its liability." (Docket Entry No. 12 at ¶ 34). Fif's allegations about the inadequacy of Pacific's investigation are conclusory and do not state a claim upon which relief can be granted. Fif does not allege specific ways in which Pacific's investigation was unreasonable. Fif merely alleges that Pacific "failed to conduct a thorough and adequate investigation of the claim" and "neglected to properly assess the magnitude of the losses and the severe impact on

---

[1] *See, e.g.*, *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 603 (N.D. Tex. 2014) (dismissing breach of contract claim because "Plaintiffs do not identify what provisions were breached or provide factual allegations about the terms of the plans"); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1003 (S.D. Tex. 2011) ("Plaintiffs fail to specify what parties entered into what contracts, whether they were valid contracts, what the key terms of each were, and what and how they were breached. They fail to provide the loan documents that were breached and to indicate which provisions were breached."); *Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) (to state a claim for breach of contract, a plaintiff must either: "(1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect); *Buchine v. PHH Mortgage Corp.*, No. CV H-17-1345, 2017 WL 4270721, at *4 (S.D. Tex. Sept. 26, 2017) ("The plaintiff must identify both the contract and the provisions the defendant allegedly violated.").

Plaintiff's business operations." (*Id.* at ¶ 15). The claim for breach of the duty of good faith and fair dealing is dismissed, without prejudice and with leave to amend, no later than August 19, 2024.

### C. Prompt Payment of Claims Act

The Prompt Payment of Claims Act requires insurers to take certain actions within specified times after receiving notice of a claim and materials required to secure a final proof of loss. TEX. INS. CODE §§ 542.055, 542.056. The Act also requires an insurer to give reasons for rejecting a claim. § 542.056(c). Fif alleges that Pacific:

- "failed to provide Plaintiff any reasoned explanation regarding its offer of an allegedly insufficient settlement value" and "declined to delineate any rationale for its blanket denial of Plaintiff's full claim value," (Docket Entry No. 12 at ¶ 24);
- "[o]ver an unreasonable duration, . . . failed to definitively affirm or deny basic coverage eligibility regarding Plaintiff's claims," (*id.* at ¶ 25); and
- "neglected to acknowledge the plaintiff's claims, initiate reasonable investigations, and request all necessary information to assess the plaintiff's claim within the mandated timeframe of fifteen (15) days from receiving notice," (*id.* at ¶ 27).

These allegations are sufficient to state a claim under the Prompt Payment of Claims Act. However, Fif cannot recover under the Act unless it pleads and proves either that (1) Pacific breached the insurance policy, or that (2) Pacific's violations of the Act caused Fif an injury independent of its right to recover policy benefits. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 499 (Tex. 2018). As explained, Fif has not adequately pleaded a breach of contract claim. And although Fif alleges that it suffered "independent injuries caused by the Defendant's breach of statutory obligations" that "are not solely based on the denial of policy benefits," this

6

allegation is conclusory. (Docket Entry No. 12 at ¶ 49). Fif's claims under the Prompt Payment of Claims Act are dismissed, without prejudice and with leave to amend no later than August 19, 2024.

### D. Deceptive Trade Practices Act

Fif alleges that Pacific violated the DTPA by:

- making "false statements regarding the insurance policy that was sold to Plaintiff. The policy was advertised as having certain coverages and providing excellent customer service, but when Plaintiff made a valid claim, Defendant denied it without proper justification," (*id.* at ¶ 38);

- engaging "in a bait and switch tactic . . . with its Agent who lured Plaintiff into purchasing the insurance policy by advertising it as a friendly and reliable company that would adjust claims in the insured's favor," (*id.* at ¶ 39);

- engaging "in an unconscionable course of conduct" by denying "Plaintiff's legitimate insurance claim, causing Plaintiff to suffer financial losses and other damages. Defendant's actions were unconscionable because they were grossly unfair and oppressive to Plaintiff." (*Id.* at ¶ 40).

With the possible exception of the "unconscionable course of conduct" claim, Fif's DTPA claims are subject to Rule 9(b)'s heightened pleading standard because the gravamen of the claims is fraud. *See Tracy v. Chubb Lloyds Ins. Co. of Tex.*, 2012 WL 2477706, at *7 (W.D. Tex. 2012); *but see Tommaso v. State Farm Lloyds*, No. 7:15-CV-00274, 2016 WL 6883042, at *2 (S.D. Tex. Sept. 28, 2016) (observing that "courts applying Rule 9(b) to DTPA claims . . . appear to universally apply Rule 9(b) regardless of the provision"). Fif's vague fraud allegations fail to satisfy Rule 9(b)'s "who, what, when, and where" requirements. *Benchmark*, 343 F.3d at 724.

Fif's "unconscionable course of conduct" claim also fails because Fif's allegations are conclusory. "To prove an unconscionable action or course of action, a plaintiff must show that the defendant took advantage of his lack of knowledge and that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated." *Brittan Communications Intern. Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002). Rule 8(a) is not satisfied by Fif's bare allegation that Pacific acted grossly unfairly and oppressed Fif by denying its allegedly legitimate claim.

The DTPA claims are dismissed, without prejudice.

### E.    Chapter 541

Fif's Chapter 541 claim is based on an allegation that Pacific "misrepresented to the Plaintiff the material facts or policy provisions relating to the coverage at issue, including the extent of the damage." (Docket Entry No. 14 at ¶ 45). This allegation fails to satisfy Rule 9(b). The Chapter 541 claim is dismissed, without prejudice.

## IV.    Conclusion

Pacific's motion to dismiss is granted. (Docket Entry No. 17). Fif's amended complaint is dismissed without prejudice. Fif may file a second amended complaint by August 19, 2024.

SIGNED on July 17, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge