United States District Court
Southern District of Texas
**ENTERED**

February 24, 2025

Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| FIF ENGINEERING, LLC, § | |
| § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 24-665 |
| § | |
| PACIFIC EMPLOYERS INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |
| § | |

## MEMORANDUM AND OPINION

Fif Engineering, LLC, has sued Pacific Employers Insurance Company for allegedly failing to fully reimburse Fif for three stolen laptops, a stolen data server, and related losses. This court previously dismissed Fif's first amended complaint, without prejudice and with leave to amend. (Docket Entry No. 20). Pacific has now moved under Rule 12(b)(6) to dismiss all the non-contractual claims in Fif's second amended complaint. (Docket Entry No. 25).

Based on the briefing and applicable case law, the court grants Pacific's motion to dismiss. Because Fif has already amended its pleading twice, the court concludes that further amendment would be futile. Fif's claims for breach of the duty of good faith and fair dealing, violation of the Prompt Payment of Claims Act, violation of Chapter 541 of the Texas Insurance Code, and violation of the Texas Deceptive Trade Practices Act and are dismissed with prejudice. The breach of contract claim will move forward. The reasons for these rulings are below.

## I.    Background

Fif Engineering, LLC purchased from Pacific Employers Insurance Company a property insurance policy covering Fif's physical office space from February 2021 to February 2022.

(Docket Entry No. 24 at ¶ 7); (Docket Entry No. 24-2).  Sometime during or before June 2021, one of Fif's former employees allegedly stole three laptops and a data server from the office, "result[ing] in a catastrophic loss of electronic data and intellectual property."  (Docket Entry No. 24 at ¶¶ 8–11); *see also* (Docket Entry No. 24-1 at 1).  Fif alleges that the theft caused the company $1,440,700 in damages.  (Docket Entry No. 24 at ¶¶ 14, 33).

Fif filed a claim for losses resulting from the theft in June 2021.  (*Id.* at ¶ 15).  In February 2022, Pacific issued a $4,690.37 reimbursement check to Fif.  (*Id.* at ¶¶ 16, 38).  Fif alleges that the reimbursement check "failed to settle [its] claim."  (*Id.* at ¶ 16).

This court already dismissed two of Fif's complaints for failure to state a claim.  (Docket Entry Nos. 11, 20).  Fif has filed a second amended complaint asserting five causes of action: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) violation of the Texas Prompt Payment of Claims Act, TEX. INS. CODE § 542.051–542.061; (4) violation of Chapter 541 of the Texas Insurance Code; and (5) violation of the Texas Deceptive Trade Practices Act § 17.46(a) and (b).  (Docket Entry No. 24).  Pacific moved to dismiss all but the breach of contract claim under Rule 12(b)(6).  (Docket Entry No. 25).  Fif responded, (Docket Entry No. 27), and Pacific replied, (Docket Entry No. 28).

## II.    The Rule 12(b)(6) Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks omitted, alterations adopted) (quoting *Twombly*, 550 U.S. at 558).

"[A]ll averments of fraud, whether they are part of a claim of fraud or not," are subject to the heightened pleading standard in Federal Rule of Civil Procedure 9(b). *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001). Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby. Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted).

3

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## III.    Analysis

### A.    Breach of the Duty of Good Faith and Fair Dealing

According to the complaint, Pacific "failed to adequately assess the damages incurred by [Fif] because of a covered cause of loss," (Docket Entry No. 24 at ¶ 37); "failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious damages," (*id.* at ¶ 18); and violated its legal obligation "to substantiate any avoidance claims," *see* (*id.* at ¶ 28); (Docket Entry No. 27 at 6).  Fif argues that these conclusory allegations—alone—are "sufficient to state a plausible claim that [Pacific] lacked a reasonable basis for denying or delaying payment on [Fif's] claim." (Docket Entry No. 27 at 6).

The court disagrees.  These are essentially the same conclusory allegations that the court previously held did not state a breach of good faith and fair dealing claim upon which relief could be granted.  (Docket Entry No. 20 at 5–6).  Fif has not alleged any new facts supporting an inference that Pacific had "no reasonable basis" to deny Fif's claim or delay payment, or that Pacific failed "to determine whether there [was] any reasonable basis for the denial or delay." *See Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987), *modified on other grounds by Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990).  This claim is dismissed, with prejudice because Fif has already amended twice and still failed to state a claim, making further amendment futile.

4

### B.    The Prompt Payment of Claims Act

Under the Texas Insurance Code, "if an insurer notifies a claimant under Section 542.056 that the insurer will pay a claim or part of a claim, the insurer shall pay the claim not later than the fifth business day after the date notice is made." TEX. INS. CODE § 542.057(a).  Fif concedes that the complaint misstates the deadline for payment under the Prompt Payment of Claims Act. (Docket Entry No. 27 at 5); *see* (Docket Entry No. 24 at ¶ 38) (erroneously stating that Pacific violated the Prompt Payment of Claims Act by failing to pay Fif's claim within 60 days after the claim was submitted).  Nevertheless, Fif contends that its factual allegations are sufficient to state a claim that Pacific's "payment was made well beyond any applicable statutory deadline." (Docket Entry No. 27 at 5).

The complaint alleges that Fif submitted its claim on June 23, 2021, and Pacific paid Fif $4,690.37 on February 14, 2022.  (Docket Entry No. 24 at ¶ 38).  There are no allegations about when or if Pacific notified Fif that it would pay the claim.  Accordingly, the complaint does not state a claim that Pacific failed to "pay the claim not later than the fifth business day after the date notice [was] made." *See* TEX. INS. CODE § 542.057(a).  This claim is dismissed, with prejudice because Fif has already amended twice and further amendment would be futile.

### C.    Chapter 541 of the Texas Insurance Code

A plaintiff states a claim under Chapter 541 of the Texas Insurance Code if the complaint plausibly alleges: "(1) a misrepresentation was made, issued or circulated (2) with regard to either (i) the Policy's terms, or (ii) its benefits or advantages." *See Miller v. Allstate Texas Lloyd's*, No. CV H-17-1684, 2017 WL 3335997, at *4 (S.D. Tex. Aug. 4, 2017) (citing TEX. INS. CODE § 541.051(1)(a)-(b)).  Because the gravamen of Fif's Chapter 541 claim is fraud, the allegations supporting this claim must satisfy Rule 9(b)'s "who, what, when, where, and how" requirements.

*See Benchmark*, 343 F.3d at 724 (quoting reference omitted); *Tracy v. Chubb Lloyds Ins. Co. of Tex.*, 2012 WL 2477706, at *7–8 (W.D. Tex. 2012).

As required under the Rule 12(b)(6) standard, the court confines its review to the complaint and disregards allegations that are not in the pleadings. *See Inclusive Cmtys. Project, Inc.*, 920 F.3d at 900. This includes disregarding the identification of "Ms. Catherine Cruz Catipon," who is named in Fif's response but was not named in the complaint. *See* (Docket Entry No. 27 at 3).

As to the complaint allegations, Fif points to a single paragraph setting out the alleged misrepresentation underlying its Chapter 541 claim. (*Id.*) (citing Docket Entry No. 24 at ¶ 35(a)[1]). The cited paragraph states:

> On or about February 15, 2021, a Pacific Employers representative orally misrepresented to Plaintiff that the policy would provide comprehensive coverage for theft, including theft by an employee. This assurance was given despite the fact that Defendant will not honor the coverage on this claim later. The Plaintiff relied on these representations when deciding to purchase the policy on January 16, 2022. This misrepresentation led Plaintiff to believe they had adequate protection under the Policy, influencing their decision to purchase the insurance.

(Docket Entry No. 24 at ¶ 35(a)).

There are several reasons why these allegations do not meet Rule 9(b)'s requirements. First, the paragraph identifies the "who" only as a "Pacific Employers representative." Elsewhere in the complaint are vague references to misrepresentations about policy coverage by "the Defendant's agent, Keenan Insurance," with no further explanation as to who the speaker was or the nature of the alleged agency relationship between the speaker and Pacific. *See, e.g.*, (*id.* at ¶ 20). References to an unnamed employee, representative, or agent of the defendant—without

---

[1] Although these are the allegations that Fif relies on when arguing against dismissal of its Chapter 541 claim, the court notes that these allegations are in the breach of contract section of the complaint, not the Chapter 541 section. Nevertheless, in the interest of thoroughness, the court has assessed whether any of the allegations contained in the second amended complaint and cited in Fif's response suffice to state a Chapter 541 claim. As detailed herein, the answer is no.

any identifying facts—are insufficient to allege the "identity of the person making the misrepresentation," as required by Rule 9(b). *Emeribe v. Wells Fargo Bank, N.A.*, No. CIV.A. H-12-2545, 2013 WL 140617, at *2 (S.D. Tex. Jan. 10, 2013) (quoting reference omitted); *see, e.g.*, *Burton v. Companion Prop. & Cas. Ins. Co.*, No. W-14-CV-054, 2014 WL 12490005, at *4 (W.D. Tex. July 29, 2014) (dismissing under Rule 9(b) a Texas Insurance Code claim that an unidentified insurance agent misrepresented the benefits provided by a policy); *Carey v. Fargo*, No. CV H-15-1666, 2016 WL 4246997, at *2 (S.D. Tex. Aug. 11, 2016) (dismissing under Rule 9(b) a claim that the defendant's "agents made representations that no foreclosure would occur" when the plaintiffs "fail[ed] to identify the agents who made these representations").

Second, the cited paragraph alleges that the misrepresentation was made on February 15, 2021, and was relied on by Fif when it purchased the policy on January 16, 2022. (Docket Entry No. 24 at ¶ 35(a)). However, the rest of the complaint states that the policy at issue was purchased on January 16, *2021*—before the alleged misrepresentation. *See, e.g.*, (*id.* at ¶ 33) ("[T]he Plaintiff and Defendant established a valid contract on the date of purchase of the insurance policy on January 16, 2021, Policy number D94720564, effective from February 15, 2021 to February 15, 2022."); *see also* (Docket Entry No. 24-2) (policy period began on February 15, 2021). Because the policy period began in February 2021 and the alleged theft occurred in June 2021, the policy at issue could not have been purchased in 2022. Taking the allegations elsewhere in the complaint as true, the court concludes that Fif purchased the policy on January 16, 2021. *See* (Docket Entry No. 24 at ¶¶ 20, 33, 41, 45). A misrepresentation allegedly made on February 15, 2021—which was after the policy issued, *see* (Docket Entry No. 24-2)—could not have affected Fif's decision to purchase the policy.

Fif attempts to obscure this inconsistency in its response by replacing the date of the alleged misrepresentation with a different date: January 16, 2021. (Docket Entry No. 27 at 3) (citing Docket Entry No. 24 at ¶ 35(a)). That date does not appear in the cited paragraph. Elsewhere in the complaint, Fif alleges that "[Pacific's] agent, Keenan Insurance[,] misrepresented policy coverage when [Fif] purchased the policy on January 16, 2021, effective from that day." (Docket Entry No. 24 at ¶ 20). This allegation is not cited at all in Fif's response and, standing alone, does not satisfy Rule 9(b). *See, e.g.*, *Burton*, 2014 WL 12490005, at *4. Neither the complaint nor the response explains how the January 2021 misrepresentation relates to the misrepresentation allegedly made on February 15, 2021, that the policy would provide comprehensive theft coverage. *See* (Docket Entry No. 24 at ¶ 35). Accepting all of Fif's allegations as true, the court still cannot identify any alleged misrepresentation pleaded with the particularity required by Rule 9(b) that was made on a date before the policy purchase. Notably, this fatal insufficiency has persisted even after Fif, who is represented by counsel, has had three attempts to plead its claims.

Lastly, the complaint fails to allege that the representation about theft coverage was false. Fif does not allege that the policy does not provide coverage for theft or that coverage was denied in this case.[2] To the contrary, the complaint states that Pacific issued a payment of $4,690.37 in response to Fif's claim of loss resulting from the June 2021 theft. (*Id.* at ¶ 38). The fact that this amount was lower than Fif wanted does not allege facts that could show a promise of "comprehensive coverage for theft" that was false or misleading.

---

[2] The complaint twice states that Pacific "denied" Fif's claim, (Docket Entry No. 24 at ¶¶ 40, 41), but those statements are refuted by the repeated factual allegations that Pacific paid part of Fif's claim, *see, e.g.*, (*id.* at ¶¶ 16, 24, 38).

In addition to the Chapter 541 claim based on an alleged misrepresentation, Fif alleges that Pacific violated Chapter 541 by delaying payment to Fif, failing to pay what Fif believes is owed, and failing to explain the settlement offer. (Docket Entry No. 27 at 4) (citing Docket Entry No. 24 at ¶ 35(b)-(d)). These other allegations—which FIF concedes are "broad," (*id.*)—do not save this claim. As detailed above, Pacific's payment of the claim in February 2022 did not violate any statutory deadlines and does not support an inference of bad faith. The fact that the payment was less than what Fif wanted does not constitute a statutory violation. The remaining allegations are conclusory statements and recitations of the statutory language, without supporting factual allegations. *Compare, e.g.*, (Docket Entry No. 24 at ¶¶ 22, 35(b)-(d)) *with* TEX. INS. CODE § 541.060(a)(2)-(4), (7). That is insufficient to state a claim, even under Rule 8. *See Iqbal*, 556 U.S. at 678.

Fif has failed to allege a claim under Chapter 541 of the Texas Insurance Code. Because this is Fif's third attempt to do so, the court concludes that another opportunity to amend would be futile. This claim is dismissed with prejudice.

### D. The Texas Deceptive Trade Practices Act

To state a claim under the DTPA, Fif must allege that: (1) Fif is a consumer, (2) Pacific engaged in false, misleading, or deceptive acts, and (3) those acts were a producing cause of Fif's damages. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016). To survive dismissal, this claim must meet the heightened pleading standards of Rule 9(b). *See Lone Star Ladies Inv. Club*, 238 F.3d at 368; *Tracy*, 2012 WL 2477706, at *7–8.

Fif's DTPA claim is based on alleged misrepresentations made by "Keenan Insurance" about the policy coverage. (Docket Entry No. 27 at 5–6); *see also* (Docket Entry No. 24 at ¶¶ 40, 41). Like the misrepresentation claim under Chapter 541, these allegations are insufficient to state

a claim under Rule 9(b).  *See Emeribe*, 2013 WL 140617, at *2; *Burton*, 2014 WL 12490005, at *4; *Carey*, 2016 WL 4246997, at *2.  Fif's DTPA claim is dismissed, with prejudice, because further amendment would be futile.

## IV.   Conclusion

Pacific's motion to dismiss, (Docket Entry No. 25), is granted.  Fif's claims for breach of the duty of good faith and fair dealing, violation of the Prompt Payment of Claims Act, violation of Chapter 541 of the Texas Insurance Code, and violation of the Texas Deceptive Trade Practices Act are dismissed, with prejudice because further amendment would be futile.

SIGNED on February 24, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge